**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **ANGELIQUE BOUVIER**, | Case No. 3:25-cv-1377-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **STATE OF OREGON** and **FEDERAL BUREAU OF INVESTIGATIONS PORTLAND**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

On August 4, 2025, Plaintiff filed a Complaint against the State of Oregon and the Federal Bureau of Investigation ("FBI") office in Portland, Oregon. ECF 2. She simultaneously filed an application for leave to proceed *in forma pauperis*, which the Court granted on October 6, 2025. *See* ECF 1; ECF 10. Now before the Court is the State of Oregon's motion to dismiss (ECF 19). The Court has reviewed Plaintiff's Complaint, the State of Oregon's motion, Plaintiff's response (ECF 22) and Defendant's reply (ECF 23). For the reasons stated below, the Court grants the State of Oregon's motion to dismiss.

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual

PAGE 1 – ORDER

allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The Court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted)

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th

PAGE 2 – ORDER

Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Here, Plaintiff's alleges violations of her first, third, and ninth amendment rights, as well as 18 U.S.C. § 2511, which is a criminal statute. With one exception, all of Plaintiff's specific allegations are directed at the FBI, not the State of Oregon. That exception reads as follows: "I have not committed any criminal acts which has cause [*sic*] so many investigations over the years. By the state of Oregon." ECF 2 at 6. There is no explanation as to what investigations form the basis of her allegation, including when any investigations occurred, what they were about, or any other pertinent details. Even under the liberal pleading standards afforded to *pro se* parties, this is not enough to state a claim upon which relief can be granted. Moreover, it fails to

PAGE 3 – ORDER

meet Rule 8(a)(2)'s requirement for a "short and plain statement of the claim showing that the pleader is entitled to relief."

The Court GRANTS the State of Oregon's Motion to Dismiss (ECF 19) and DISMISSES without prejudice Plaintiff's Complaint as to the State of Oregon.

**IT IS SO ORDERED.**

DATED this 28th day of July, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER